**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAKOB SAR CHURCHIAN, AKA Hakop Cherichian,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>                Respondent. | No. 08-74464<br><br>Agency No. A095-573-744<br><br><br>MEMORANDUM [*] |
| HAKOB SAR CHURCHIAN, AKA Hakop Cherichian, AKA Hakob Sargsi Churchian, AKA Saro Sahakyan, AKA Hakob Sarkisovich Churchian,<br><br>                Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER Jr., Attorney General,<br><br>                Respondent. | No. 09-71506<br><br>Agency No. A095-573-744 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 14, 2010

San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and PRO,[**] District Judge.

Hakob Sar Churchian, a native and citizen of Azerbaijan, petitions for review of two decisions by the Board of Immigration Appeals ("BIA"). In the first decision, the BIA denied Churchian deferral of removal under the Convention Against Torture ("CAT"). In the second decision, the BIA denied Churchian's combined motions to reconsider and to reopen *sua sponte*.

There is substantial evidence in the record supporting the BIA's conclusion that Churchian did not establish that it is more likely than not that he will be tortured if returned to Azerbaijan. The record establishes that Churchian may well face discrimination and harassment in Azerbaijan as a result of his mixed ethnicity. It does not, however, compel the conclusion that he is more likely than not to be tortured. *See Mutuku v. Holder*, 600 F.3d 1210, 1214 (9th Cir. 2010).

The BIA did not abuse its discretion when it denied Churchian's motion to reconsider. Churchian's primary argument for reconsideration was that the BIA had failed to consider sufficiently his past treatment in Azerbaijan and the suffering

_____

[**] The Honorable Philip M. Pro, United States District Judge for the District of Nevada, sitting by designation.

Churchian continues to experience as a result of that past treatment. Given the discussion of Churchian's past treatment in the BIA's decision, we cannot say it was "arbitrary, irrational, or contrary to law" to deny the motion to reconsider. *Saldana v. I.N.S.*, 762 F.2d 824, 827 (9th Cir. 1985).

This court does not have jurisdiction "to review the BIA's decision not to exercise its sua sponte authority to reopen the case." *Nevarez Nevarez v. Holder*, 572 F.3d 605, 607 (9th Cir. 2009). Accordingly, we dismiss that part of the petition.

The first petition is **DENIED**. The second is **DENIED** in part and **DISMISSED** in part.